FILED
United States Court of Appeals
Tenth Circuit

**December 19, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NEAL THOMAS GRAHAM,

      Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

      Respondent - Appellee.

No. 08-7071
(D. Ct. No. 6:05-CV-00322-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

---

Neal Thomas Graham, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal from the district court's denial of his

habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A).

We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Graham's request for a COA,

and DISMISS this appeal.

**I. BACKGROUND**

An Oklahoma jury convicted Mr. Graham of five counts of indecent exposure and

two counts of lewd molestation of a child under sixteen years old. He was sentenced to

ten years' imprisonment on each of the first five counts and twenty years' imprisonment

on the last two counts, with the sentences ordered to run consecutively—a total of ninety

years.  Following his direct appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction and later affirmed the denial of his state application for post-conviction relief.  Mr. Graham then filed a petition for writ of habeas corpus in federal district court, asserting he was denied his Sixth Amendment right to effective assistance of counsel at trial and on appeal.  The district court adopted a magistrate judge's recommendation to dismiss Mr. Graham's petition.  Mr. Graham now seeks a COA from this court.

## II. DISCUSSION

A prisoner who wishes to appeal a district court's denial of his § 2254 petition must first obtain a COA from a circuit court.  *See Miller-El v. Cockrell*, 537 U.S. 322, 326–27 (2003).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires Mr. Graham to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  Where, as here, "a district court has rejected [a habeas petitioner's] constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that such deficient performance

resulted in prejudice to the defense. *Id.* at 694. In other words, Mr. Graham must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Mr. Graham fails to meet that standard.[1]

Mr. Graham first argues that his counsel should have objected to the trial judge's decision to place a blackboard between Mr. Graham and the child witnesses at trial—a decision the judge made to try to keep the young children from feeling embarrassed or intimidated. Mr. Graham contends that because his counsel failed to insist on a hearing to establish the need for the blackboard, Mr. Graham was denied his Sixth Amendment

---

[1]Because several of Mr. Graham's arguments are best characterized as "generalized assertion[s] of error" or "mere conclusory allegations," "we cannot fill the void by crafting arguments and performing the necessary legal research" for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quotations omitted). These assertions and allegations are therefore waived because they are inadequately briefed. *Id.* at 840 ("Although [a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants . . . [and] the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") (quotations and citations omitted).

For example, Mr. Graham asserts that his counsel was ineffective for failing to move for DNA testing to impeach witnesses, and he asserts that his counsel failed to consult with him about concurrent versus consecutive sentencing. But Mr. Graham provides little more than the assertions themselves.

Mr. Graham also provides scant support for his assertion that his counsel should have moved before trial to challenge a letter attributed to him by the prosecution. The record shows that Mr. Graham's counsel objected to several questions regarding the contents of the letter, that the judge did not submit the letter to the jury, and that Mr. Graham's counsel moved for a mistrial based on the portions of the letter that were heard in court. Mr. Graham's assertion on this matter is thus unsubstantiated.

right[2] to confront witnesses testifying against him.  He asserts that his counsel was

therefore constitutionally ineffective.  We disagree.

As the magistrate judge noted, the district court did err by placing the blackboard

between Mr. Graham and the witnesses as a matter of policy without first making a

particularized finding as to each child that his presence would cause the child trauma that

would impair her ability to communicate.  *See Thomas v. Gunter*, 962 F.2d 1477,

1481–82 (10th Cir. 1992) (citing *Maryland v. Craig*, 497 U.S. 836 (1990)).  Although Mr.

Graham's counsel did not object to this policy, Mr. Graham fails to articulate—as is his

burden—how the decision not to object "fell below an objective standard of

reasonableness."  *Strickland*, 466 U.S. at 668.  Indeed, the Respondent urges that counsel

reasonably believed an objection would have been unsuccessful or would have cast the

defense in a negative light in the eyes of the jurors.[3]

But even if we assume his counsel's decision not to object was unreasonable, Mr.

Graham does not explain how that failure would have affected the outcome of his trial.

His sole assertion is that had the blackboard not been present, the young witnesses would

have been happy to see him.  He does not demonstrate there is "a reasonable probability

---

[2]The Confrontation Clause of the Sixth Amendment "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact."  *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988).

[3] The Respondent asserts that counsel's decision not to object constituted sound trial strategy.  We "indulg[e] in a strong presumption [that] counsel acted reasonably.  Thus, counsel's performance will not be deemed deficient if it might be considered sound trial strategy."  *Snow v. Sirmons*, 474 F.3d 693, 719 (10th Cir. 2007) (quotations omitted).

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, his ineffective assistance of counsel claim fails.

In addition, Mr. Graham's rights under the Confrontation Clause were not violated because his counsel cross examined the child witnesses. "The Confrontation Clause's functional purpose i[s] ensuring a defendant an opportunity for cross-examination." *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987). Mr. Graham's counsel did not deny him that opportunity. The record demonstrates that his counsel competently cross-examined the child witnesses at both a pretrial hearing and at trial. It thus cannot be said that his conduct was constitutionally ineffective with regard to safeguarding Mr. Graham's right to confront the witnesses against him.

Mr. Graham also argues that his counsel was constitutionally ineffective for failing to challenge a search warrant that derived from the testimony of an eleven-year-old child whom Mr. Graham claims was unreliable. Mr. Graham asserts that, in light of this witness's alleged unreliability, there was insufficient probable cause to justify the warrant, and the police had inadequate probable cause for arresting him. He argues that his counsel should have filed a motion for a *Franks* hearing[4] and a motion to suppress all

---

[4] The Supreme Court has held that "[w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

the evidence discovered at his apartment. We disagree.

We have frequently held that "[p]robable cause exists where attending circumstances would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Perrine*, 518 F.3d 1196, 1205 (10th Cir. 2008) (quotations omitted); *see also United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005). Here, such attending circumstances included not only the eleven-year-old child's testimony but also the corroborating testimony of a social worker with personal knowledge of Mr. Graham's apartment. The attending circumstances also included the opinion of the law enforcement officer who interviewed the eleven-year-old before requesting the warrant and who had extensive experience and training in investigating crimes against children. Mr. Graham has made no showing that the eleven-year-old's statements were false, or that any false statement was used knowingly, intentionally, or with reckless disregard for the truth to secure a warrant. Because Mr. Graham has failed to demonstrate that a motion for a *Franks* hearing or a motion to suppress evidence would have been successful, he has failed to convince us that his counsel's conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

### III. CONCLUSION

Reasonable jurists could not debate that Mr. Graham has failed to present a claim he was denied his Sixth Amendment right to the effective assistance of counsel. We

therefore DENY his application for a COA on this issue

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge